115.    UBS was a "control person" of Defendant UBSFS within the meaning of Section 15 of the Securities Act, by virtue of its position of operational control and/or authority over the UBS Tier 1 Funds. Defendant UBS, directly and indirectly, had and exercised the power and authority to cause Defendant UBSFS to engage in the wrongful conduct complained of herein. UBS issued, caused to be issued, and participated in the issuance of materially false and misleading statements in the prospectuses.

116.    Pursuant to Section 15 of the Securities Act, by reason of the foregoing, Defendant UBS is liable to Plaintiffs and the other members of the Purchasers Subclass to the same extent as Defendant UBSFS for its primary violations of Section 15 of the Securities Act.

117.    By virtue of the foregoing, Plaintiffs and other Class members are entitled to damages against UBS.

## EXCHANGE ACT CLAIMS
## FRAUD-ON-THE MARKET ALLEGATIONS

118.    At all relevant times, the market for the Tier 1 Funds was efficient for, *inter alia*, the following reasons:

a.    The Tier 1 Funds met the requirements for listing, and were listed and actively traded through a highly efficient and automated market;

b.    Regulated entitles and periodic public reports concerning the Tier 1 Funds were regularly filed with the SEC;

c.    Persons associated with the Tier 1 Funds regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

d.      The Tier 1 Funds were followed by several securities analysts employed by major brokerage firms who wrote reports which were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

e.      As a result of the foregoing, the market for the Tier 1 Funds promptly digested current information regarding the Tier 1 Funds from all publicly available sources and reflected such information in the respective value for the Tier 1 Funds as well as the market trend and demand for the shares of the Tier 1 Funds.  Investors who purchased or otherwise acquired shares or interests in the Tier 1 Funds relied on the integrity of the market for such securities. Under the circumstances, all purchasers of the Tier 1 Funds during the Class Period suffered similar injury through their purchase or acquisition of the Tier 1 Funds at a value that did not reflect the risks and costs of the continuing course of conduct alleged herein, and a presumption of reliance applies.

## COUNT III

### AGAINST ALL DEFENDANTS FOR VIOLATION OF SECTION 10(b) ON BEHALF OF THE PURCHASERS SUBCLASS OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER

119.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein except for claims brought pursuant to the Securities Act.

120.    During the Class Period, UBSFS carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did deceive the investing public, including Plaintiffs and other members of the Purchasers Subclass as alleged herein and caused Plaintiffs and other members of the Purchasers Subclass to purchase Tier 1 Funds at distorted prices and to otherwise suffer damages.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

121.    UBSFS (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of conduct which operated as a fraud and deceit upon the purchasers of the Tier 1 Funds, including Plaintiffs and other members of the Purchasers Subclass, in an effort to enrich themselves through undisclosed manipulative tactics by which they wrongfully distorted the pricing of their securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  UBSFS are sued as primary participants in the wrongful and illegal conduct and scheme charged herein.

122.    UBSFS, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the Tier 1 Funds' operations, as specified herein.

123.    UBSFS employed devices and artifices to defraud and engaged in a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from excess fees and commissions paid to them as a result of its undisclosed competitions to peddle the Tier 1 Funds and thereby engaged in transactions, practices and a course of conduct which operated as a fraud and deceit upon Plaintiffs and the members of the Purchasers Subclass.

124.    UBSFS had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

125.     As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market prices of the Tier 1 Funds were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein.  In ignorance of the fact that market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by UBSFS, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by UBSFS but not disclosed in public statements by UBSFS during the Class Period, Plaintiffs and the other members of the Purchasers Subclass acquired the shares or interest in the Tier 1 Funds during the Class Period at distorted prices and were damaged thereby.

126.     At the time of said misrepresentations and omissions, Plaintiffs and other members of the Purchasers Subclass were ignorant of their falsity, and believed them to be true. Had Plaintiffs and other members of the Purchasers Subclass known the truth concerning the Tier 1 Funds' operations, which UBSFS did not disclose, Plaintiffs and other members of the Class would not have purchased or otherwise acquired their shares or, if they had acquired such shares during the Class Period, they would not have done so at the distorted prices which they paid.

127.     By virtue of the foregoing, UBSFS have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

128.     As a direct and proximate result of UBSFS' wrongful conduct, Plaintiffs and other members of the Purchasers Subclass suffered damages in connection with their purchases and acquisitions of Tier 1 Funds during the Class Period.

## COUNT IV

**ON BEHALF OF THE PURCHASERS SUBCLASS AGAINST UBSFS
FOR VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT
AND RULE 10b-5(a) AND (c) PROMULGATED THEREUNDER**

129.    Members of the Purchasers Subclass repeat and reallege each and every allegation contained above as if fully set forth herein except for claims brought pursuant to the Securities Act.

130.    During the Class Period, UBSFS carried out a plan, scheme and course of conduct which was intended to, and throughout the Class Period did, deceive the investing public, including members of the Purchasers Subclass as alleged herein, and caused members of the Purchasers Class to purchase shares of the Tier 1 Funds and to otherwise suffer damages. In furtherance of this unlawful scheme, plan and course of conduct, UBS took the actions set forth herein.

131.    UBSFS: (i) employed devices, schemes, and artifices to defraud; and (ii) engaged in acts, practices, and a course of conduct which operated as a fraud and deceit upon the purchasers of the Tier 1 Funds, including members of the Purchasers Subclass, in an effort to enrich themselves through undisclosed manipulative tactics by which they wrongfully distorted the value and market trends of the Tier 1 Funds in violation of Section 10(b) of the Exchange Act and Rule 10b-5. UBSFS is sued as the primary participant in the wrongful and illegal conduct and scheme charged herein.

132.    UBSFS, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about UBS and the Tier 1 Funds' operations, as specified herein.

133.    UBSFS employed devices and artifices to defraud and engaged in a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from excessive fees and commissions as a result of the undisclosed sales practices to peddle the Tier 1 Funds alleged above and thereby engaged in transactions, practices and a course of conduct which operated as a fraud and deceit upon members of the Purchasers Subclass.

134.    The members of the Purchasers Subclass reasonably relied upon the integrity of the market in which the Tier 1 Funds traded.

135.    Members of the Purchasers Subclass were ignorant of UBSFS' fraudulent scheme.  Had members of the Purchasers Subclass known of UBSFS' unlawful scheme, they would not have purchased or otherwise acquired shares of the Tier 1 Funds or if they had, they would not have purchased or otherwise acquired them at the artificial prices they paid for such securities.

136.    Members of the Purchasers Subclass were injured because the risks that materialized were risks of which they were unaware, which resulted from UBSFS' scheme to defraud as alleged herein.  Absent UBSFS' wrongful conduct, members of the Purchasers Subclass would not have been injured.

137.    By virtue of the foregoing, UBSFS violated Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) promulgated thereunder.

138.    As a direct and proximate result of UBSFS' wrongful conduct, members of the Purchasers Subclass suffered damages in connection with their purchases and acquisitions of the Tier 1 Funds during the Class Period.

## COUNT V

### ON BEHALF OF THE PURCHASERS SUBCLASS
### AGAINST DEFENDANT UBS FOR VIOLATIONS
### OF SECTION 20(a) OF THE EXCHANGE ACT

139.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein except for claims brought pursuant to the Securities Act.

140.    This claim is brought on behalf of the Purchasers Subclass pursuant to Section 20(a) of the Exchange Act against UBS Defendants as a control person of UBSFS.

141.    UBS acted as a controlling person of the Tier 1 Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein.  By virtue of its operational and management control of the Tier 1 Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, UBS had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the UBSFS, including the content and dissemination of the various statements which Plaintiffs contend are false and misleading.  UBS had the ability to prevent the issuance of the statements alleged to be false and misleading or could have caused such statements to be corrected.

142.    In particular, UBS had direct and supervisory involvement in the operations of UBSFS and, therefore, is presumed to have had the power to control or influence the particular transaction giving rise to the securities violations as alleged herein, and to have exercised the same.

143.    As set forth above, UBS and UBSFS each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.  By virtue of its position as a controlling person UBS is liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of UBS Defendants' wrongful conduct, Plaintiffs and other members of the Purchasers

46

Subclass suffered damages in connection with their purchases of Tier 1 Funds securities during the Class Period.

## ICA CLAIMS

## COUNT VI

### ON BEHALF OF THE HOLDER SUBCLASS AGAINST THE INVESTMENT ADVISOR DEFENDANTS AND DIRECTOR DEFENDANTS FOR VIOLATIONS OF SECTION 34(b) OF THE ICA

144.    Members of the Holders Subclass repeat and reallege each and every allegation contained above as if fully set forth herein.

145.    This Count is asserted against the Investment Advisor Defendants in their role as Investment Advisors to the Funds and against the Director Defendants for their role in the creation of the materially false and misleading UBS Fund Prospectuses.

146.    The Investment Advisor Defendants and Director Defendants omitted to state facts necessary to prevent statements in registration statements and reports filed and disseminated pursuant to the Investment Company Act, in light of the circumstances under which they were made, from being materially false and misleading.  The Investment Advisor Defendants and Director Defendants failed to disclose the following:

a.      that the Investment Advisor Defendants authorized the payment from fund assets of excessive commissions to broker dealers in exchange for preferential marketing services known as "Tier 1" and that such payments were in breach of their fiduciary duties, in violation of Section 12(b) of the Investment Company Act, and unprotected by any "safe harbor";

b.      that the Investment Advisor Defendants and/or the Distributor Defendant compensated themselves out of investor assets for any payment made pursuant to revenue sharing agreements;

c.      that the Investment Advisor Defendants and/or the Distributor Defendant directed brokerage payments to firms that favored the UBS Funds, which constituted a form of marketing that was not disclosed in or authorized by the Funds Rule 12b-1 Plan;

d.      that the UBS Funds' Rule 12b-1 Plan was not in compliance with Rule 12b-1, and that payments made pursuant to the plan were in violation of Section 12(b) of the Investment Company Act because, among other reasons, the plan was not properly evaluated by the Director Defendants and there was not a reasonable likelihood that the plan would benefit the company and its shareholders;

e.      that by paying brokers to aggressively steer their clients to the UBS Funds, the Investment Advisor Defendants and/or the Distributor Defendant were knowingly and/or recklessly aiding and abetting breaches of fiduciary duties, and profiting from the brokers' improper conduct;

f.      that any economies of scale achieved by marketing of the UBS Funds to new investors were not passed on to the UBS Funds' investors; on the contrary, as the Funds grew, fees charged to the UBS Funds' investors continued to increase;

g.      that Defendants improperly used soft dollars and excessive commissions, paid from the UBS Fund investors' assets, to pay for overhead expenses the cost of which should have been borne by the Investment Advisor and Distributor Defendants and not the Funds' investors; and

h.      that the Director Defendants had abdicated their duties under the Investment Company Act and their common law fiduciary duties, that the Director Defendants failed to monitor and supervise the Investment Advisor Defendants and that, as a consequence,

the Investment Advisor Defendants were able to systematically skim millions and millions of dollars from the UBS Fund investors.

147.    By reason of the conduct described above, the Investment Advisor Defendants and the Director Defendants violated Section 34(b) of the Investment Company Act.

148.    As a direct, proximate and foreseeable result of the Investment Advisor Defendants' and Director Defendants' violation of Section 34(b) of the Investment Company Act, the Funds' investors have incurred damages.

149.    Plaintiffs and other members of the Class have been especially injured by Defendants' violations of Section 34(b) of the Investment Company Act.  Such injuries were suffered directly by shareholders as a result of being induced to hold the UBS Funds, rather than by the UBS Funds themselves.

150.    The Investment Advisor Defendants and Director Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal such adverse material information.

## COUNT VII

### ON BEHALF OF THE HOLDERS SUBCLASS AGAINST THE DISTRIBUTOR DEFENDANT, THE INVESTMENT ADVISOR DEFENDANTS AND THE DIRECTOR DEFENDANTS PURSUANT TO SECTION 36(a) OF THE ICA

151.    Plaintiffs and the other members of the Holder Subclass repeat and reallege each and every allegation contained above and otherwise incorporate the allegations contained above.

152.    This Count is brought against the Distributor Defendant, the Investment Advisor Defendants and the Director Defendants for breach of their fiduciary duties as defined by Section 36(a) of the Investment Company Act.

153.    The Distributor Defendant, the Investment Advisor Defendants and the Director Defendants had a fiduciary duty to the member of the Holders Subclass.

154.    The Distributor Defendant, the Investment Advisor Defendants and the Director Defendants violated Section 36(a) by improperly charging investors in the UBS Funds purported Rule 12b-1 marketing fees, and by drawing on assets of the UBS Funds' investors to make undisclosed payments of soft dollars and excessive commissions, as defined herein, in violation of Rule 12b-1.

155.    By reason of the conduct described above, the Distributor Defendant, the Investment Advisor Defendants and the Director Defendants violated Section 36(a) of the Investment Company Act.

156.    As a direct, proximate and foreseeable result of the Distributor Defendant's, the Investment Advisor Defendants' and the Director Defendants' breaches of fiduciary duty in their roles as principal underwriter, Investment Advisors, and Directors and Officers, respectively, to the Funds' investors, the members of the Holders Subclass have incurred millions of dollars in damages.

157.    Members of the Holders Subclass, in this count, seek to enjoin Defendants from engaging in such practices in the future as well as recover improper Rule 12b-1 fees, soft dollars, excessive commissions, directed brokerage, directors' compensation and the management fees charged the Funds by the Distributor Defendant, the Investment Advisor Defendants and the Director Defendants.

## COUNT VIII

### AGAINST THE INVESTMENT ADVISOR DEFENDANTS, DISTRIBUTOR DEFENDANTS AND TRUSTEE DEFENDANTS PURSUANT TO SECTION 36(b) OF THE ICA ON BEHALF THE PROPRIETARY FUNDS

158.    Plaintiffs repeat and reallege each and every allegation contained above and otherwise incorporates the allegations contained above.

159.    This Count is brought by the Class against the Distributor Defendant the Investment Advisor Defendants and the Trustee/Officer Defendants for breach of their fiduciary duties as defined by Section 36(b) of the Investment Company Act.

160.    The Distributor Defendant, the Investment Advisor Defendants, and the Trustee/Officer Defendants had a fiduciary duty to the Funds and the Class with respect to the receipt of compensation for services and of payments of a material nature made by and to the Distributor Defendant, the Investment Advisor Defendants, and the Trustee/Officer Defendants.

161.    The Distributor Defendant, the Investment Advisor Defendants, and the Trustee Defendants violated Section 36(b) by improperly charging investors in the Funds' purported Rule 12b-1 marketing fees.  Furthermore, these Defendants improperly failed to disclose to investors the conflicts of interest regarding fee arrangements, which harmed Plaintiffs.  These Defendants caused the Funds and their investors to pay inflated commissions (including soft dollar payments) and recouped from the Funds and their investors, through management and other fees, the cost of any revenue sharing payments purportedly made from advisor or distributor assets.  These Defendants also charged excessive advisory fees under 36(b) because they improperly inflated management fees and shifted expenses from the Investment Advisors to the Funds' investors without a corresponding reduction in their management fees to reflect that shift in expense.

162.    By reason of the conduct described above, the Distributor Defendants, the

Investment Advisor Defendants, and the Trustee/Officer Defendants violated Section 36(b) of

the Investment Company Act.

## COUNT IX

### ON BEHALF OF THE HOLDERS SUBCLASS AGAINST UBS AS CONTROL PERSON OF THE DISTRIBUTOR DEFENDANT AND THE INVESTMENT ADVISOR DEFENDANTS FOR VIOLATION OF SECTION 48(a) OF THE ICA

163.    Plaintiffs and the other members of the Holder Subclass repeat and reallege each

and every allegation contained above as if fully set forth herein.

164.    This Count is brought pursuant to Section 48(a) of the Investment Company Act

against UBS as control person of the Distributor Defendant and the Investment Advisor

Defendants, who caused the Distributor Defendant and the Investment Advisor Defendants to

commit the violations of the Investment Company Act alleged herein.

165.    The Distributor Defendant is liable under Sections 34(b), 36(a) and 36(b) of the

Investment Company Act to the Funds as set forth herein.

166.    The Investment Advisor Defendants are liable under Sections 34(b), 36(a) and

36(b) of the Investment Company Act as set forth herein.

167.    UBS was a "control person" of the Distributor Defendant and the Investment

Advisor Defendants and caused the violations complained of herein.  By virtue of their positions

of operational control and/or authority over the Investment Advisor Defendants and/or

Distributor Defendant – UBS, directly and indirectly, had, and exercised, the power and

authority to cause the Distributor Defendant and/or the Investment Advisor Defendants to engage

in the wrongful conduct complained of herein.

168.    Pursuant to Section 48(a) of the Investment Company Act, UBS is liable to Plaintiffs to the same extent as are the Distributor Defendant and the Investment Advisor Defendants for their primary violations of Sections 34(b), 36(a) and 36(b) of the Investment Company Act.

169.    By virtue of the foregoing, the Funds, Plaintiffs and other Class members are entitled to damages against UBS.

## COUNT X

### ON BEHALF OF THE HOLDERS SUBCLASS AND THE FINANCIAL PLANS SUBCLASS AGAINST THE INVESTMENT ADVISOR DEFENDANTS FOR BREACH OF FIDUCIARY DUTY

170.    Members of the Holders Subclass and the Financial Plans Subclass repeat and reallege each of the preceding allegations as though fully set forth herein.

171.    As Advisors to the UBS Funds, the Investment Advisor Defendants were fiduciaries to members of the Holders Subclass and the Financial Plans Subclass and were required to act with the highest obligations of good faith, loyalty, fair dealing, due care and candor.

172.    As set forth above, the Investment Advisor Defendants breached their fiduciary duties to members of the Holders Subclass and the Financial Plans Subclass.

173.    Members of the Holders Subclass and the Financial Plans Subclass have been injured as a direct, proximate and foreseeable result of such breach on the part of the Investment Advisor Defendants and have suffered substantial damages.

174.    Because the Investment Advisor Defendants acted with reckless and willful disregard for the rights of members of the Holders Subclass, the Investment Advisor Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT XI

## ON BEHALF OF THE HOLDERS SUBCLASS AND THE FINANCIAL PLAN SUBCLASS AGAINST THE TRUSTEE DEFENDANTS FOR BREACH OF FIDUCIARY DUTY

175.    Members of the Holders Subclass and the Financial Plans Subclass repeat and reallege each of the preceding allegations as though fully set forth herein.

176.    As UBS Funds Trustees, the Trustee Defendants had a fiduciary duty to the UBS Funds and UBS Funds' investors to supervise and monitor the Investment Advisor Defendants.

177.    The Trustee Defendants breached their fiduciary duties by reason of the acts alleged herein, including their knowing or reckless failure to prevent the Investment Advisor Defendants from:  (1) charging the UBS Funds and UBS Funds' investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of soft dollars; (3) making unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the UBS Funds for excessive and improper commission payments to brokers and financial advisors.

178.    Members of the Holders Subclass and the Financial Plans Subclass have been injured as a direct, proximate and foreseeable result of such breach on the part of the Investment Advisor Defendants and have suffered substantial damages.

179.    Because the Investment Advisor Defendants acted with reckless and willful disregard for the rights of members of the Holders Subclass and the Financial Plan Subclass, the Investment Advisor Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT XII

## FOR VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW §349 ON BEHALF OF THE FINANCIAL PLAN SUBCLASS AGAINST ALL DEFENDANTS

180.    Members of the Financial Plan Subclass hereby reallege and incorporate by reference all paragraphs previously alleged herein.  Pursuant to Section 349(h) of New York's General Business Law, members of the Financial Plan Subclass assert this cause of action against each and every Defendant on behalf of themselves and the Financial Plan Subclass for violations of Section 349 of New York's General Business Law ("Section 349").  It is appropriate to treat these Defendants as a group for pleading purposes and to presume that the misconduct complained of herein represents the collective action of all Defendants.

181.    As set forth herein, Defendants' acts, practices, representations, statements, omissions, and courses of conduct with respect to the advertising, marketing, and sale of financial plans violate Section 349 in that, among other things:

(a)    Defendants misrepresented, and continue to misrepresent, that they provide personalized, objective financial advice and recommendations;

(b)    Defendants misrepresented, and continue to misrepresent, that their financial advice and recommendations are intended exclusively to promote clients' best interests;

(c)    Defendants inadequately disclosed and/or concealed, and continue to inadequately disclose and/or conceal, conflicts of interest, including that their financial advice and recommendations were designed to generate fees and sales commissions and increase assets under Defendants' management without regard to the client's best interest;

(d)    Defendants inadequately disclosed and/or concealed, and continue to inadequately disclose and/or conceal that their financial advice and recommendations were

intended to induce clients to purchase Defendants' financial products without regard to the client's best interest;

(e)     Defendants' advertisements and marketing practices fail to disclose, inadequately disclose, and/or conceal material information regarding hidden costs and fees and conflicts of interest;

(f)     Defendants' advertising and marketing practices were and are likely to mislead, deceive, and/or damage consumers.

182.    Defendants' omissions, misrepresentations and practices alleged with respect to the financial plans were unfair and deceptive when made and were made with the intent to, and did, (a) deceive Plaintiffs and the members of the Financial Plan subclass, and (b) induce Plaintiffs and members of the Financial Plan subclass to purchase the financial plans offered by Defendants, in violation of Section 349.

183.    Members of the Financial Plan subclass never knew, nor could they have known, of Defendants' omissions, misrepresentations, and unlawful practices with respect to the advertising, marketing, and sale of Defendants' financial plans.

184.    As a direct and proximate result of Defendants' misrepresentations, misleading statements, and/or deceptive practices, in violation of Section 349, the members of the Financial Plan Subclass have been injured and suffered harm in that, among other things, members of the Financial Plan Subclass have purchased Defendants' financial plans when they otherwise would not have and/or the Financial Plan Subclass members paid more for the Financial Plans than they otherwise would have.

185.    Pursuant to Section 349(h) of New York's General Business Law, the members of the Financial Plan Subclass are entitled to damages against all Defendants and an order

permanently enjoining Defendants from engaging in the unlawful practices described herein, as well as recovery of attorneys' fees and costs of the litigation.

**COUNT XIII**

**FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §350
ON BEHALF OF THE FINANCIAL PLAN SUBCLASS AGAINST ALL DEFENDANTS**

186.    Members of the Financial Plan Subclass hereby reallege and incorporate by reference all paragraphs previously alleged herein.  Pursuant to Section 350-e(3) of New York's General Business Law, members of the Financial Plan Subclass assert this cause of action against each and every Defendant on behalf of themselves and the Financial Plan Subclass for violations of Sections 350 of New York's General Business Law ("Section 350").  It is appropriate to treat these Defendants as a group for pleading purposes and to presume that the misconduct complained of herein represents the collective action of all Defendants.

187.    As set forth herein, Defendants' acts, practices, representations, statements, omissions, and courses of conduct with respect to the advertising, marketing, and sale of Financial Plans violate Section 350 in that, among other things:

(a)    Defendants misrepresented, and continue to misrepresent, that they provide personalized, objective financial advice and recommendations in the advertising and marketing of their financial plans and members of the Financial Plan Subclass relied on these misrepresentations in purchasing their Financial Plans;

(b)    Defendants misrepresented, and continue to misrepresent, in the advertising and marketing of their financial plans that their financial advice and recommendations are intended exclusively to promote clients' best interests and members of the Financial Plan Subclass relied on these misrepresentations in purchasing their Financial Plans;

(c)     Defendants' advertisements and marketing practices fail to disclose, inadequately disclose, and/or conceal material information;

(d)     Defendants' advertising and marketing practices were and are likely to mislead, deceive, and/or damage consumers.

188.    Defendants' omissions, misrepresentations and practices alleged with respect to the Financial Plans were misleading and deceptive when made and were made with the intent to, and did, (a) deceive the members of the Financial Plan subclass, and (b) induce members of the Financial Plan subclass to purchase the Financial Plans offered by Defendants, in violation of Section 350.

189.    The members of the Financial Plan subclass never knew, nor could they have known, of Defendants' omissions, misrepresentations, and unlawful practices with respect to the advertising, marketing, and sale of Defendants' financial plans.

190.    As a direct and proximate result of Defendants' misrepresentations, misleading statements, and/or deceptive practices, in violation of Section 350, members of the Financial Plan Subclass have been injured and suffered harm in that, among other things, the members of the Financial Plan Subclass have purchased Defendants' Financial Plans when they otherwise would not have and/or the Financial Plan Subclass have paid more for the financial plans than they otherwise would have.

191.    Pursuant to Section 350-e(3) of New York's General Business Law, the members of the Financial Plan Subclass are entitled to damages against all Defendants and an order permanently enjoining Defendants from engaging in the unlawful practices described herein, as well as recovery of attorneys' fees and costs of the litigation.

## REQUEST FOR ORDER PRESERVING ELECTRONIC MAIL RELATED TO THE ABOVE MENTIONED ACTION

192.    On July 13, 2005 the SEC entered a cease-and-desist order against UBS Securities LLC for violating the record-keeping requirements of Section 17(a)(1) of the Exchange Act and Rule 17a-4. UBS failed to preserve for three years (July 1, 1999 to June 30, 2002), the first two years of which the records should be in an easily accessible place, all electronic mail communications (including inter-office memoranda and communications) received and sent by its employees that related to its business as a member of an exchange, broker or dealer. The SEC, NYSE, and NASD discovered UBS lacked adequate systems or procedures to ensure the preservation of electronic mail during their investigation of the company's research and investment banking activity. As a result, UBS agreed to pay penalties and fines totaling $2.1 million to proceedings and actions taken by the SEC, NYSE, and NASD. In light of Defendants' failure to maintain adequate systems for preserving emails, Plaintiffs respectfully request the Court order that all documents related to the allegations set forth herein be adequately preserved.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief and judgment as follows:

a.    Determining that this action is a proper class action and appointing Plaintiffs as Lead Plaintiffs and their counsel as Lead Counsel for the Class and certifying them as Class representatives under Rule 23 of the Federal Rules of Civil Procedure;

b.    Awarding compensatory damages in favor of Plaintiffs and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

c.      Awarding Plaintiffs and other members of the Class rescission of their

contracts with the Advisors, including recovery of all fees which would otherwise apply and

recovery of all fees paid to the Advisors pursuant to such agreements;

d.      Awarding Plaintiffs and the Class their reasonable costs and expenses

incurred in this action, including counsel fees and expert fees;

e.      Ordering that all documents related to the allegations set forth herein be

adequately preserved by Defendants; and

f.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.


Dated:  July 28, 2005                          Respectfully submitted,


                                        **MILBERG WEISS BERSHAD**
                                        **& SCHULMAN LLP**

                                        Steven G. Schulman (SS-2561)
                                        Jerome M. Congress (JC-2060)
                                        Janine L. Pollack (JP-0178)
                                        Kim E. Miller (KM-6996)
                                        Michael R. Reese (MR-3183)
                                        Tatiana V. Rodriguez (TR-7922)
                                        One Pennsylvania Plaza
                                        New York, New York  10119-0165
                                        (212) 594-5300

                                        **STULL, STULL & BRODY**
                                        Jules Brody (JB-9151)
                                        Mark Levine (ML-9620)
                                        6 East 45th Street
                                        New York, New York  10017

**WEISS & LURIE**
Joseph H. Weiss (JW-4534)
551 Fifth Avenue - Suite 1600
New York, New York  10176

**DELL & LITTLE, L.L.P.**
Joseph G. Dell
3500 Old Country Road - Suite 105
Garden City, NY  11530

*Plaintiffs' Counsel*

DOCS\299644v1

**EXHIBIT A**

## CERTIFICATION OF PROPOSED NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Michael and Susan Hoffman, each declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.    I have reviewed the complaint of UBS-AG, UBS Global Asset Management (US) and UBS Financial Services prepared by Milberg Weiss Bershad & Schulman LLP, whom I designate as my counsel in this action for all purposes.

2.    I did not acquire the referenced fund units at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3.    I am willing to serve as a named plaintiff either individually or as part of a group.

4.    I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the court pursuant to law.

5.    I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.    I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is unaffected by my decision to serve as a representative party.

7.    Since May 1, 2000, I have made the following transactions in referenced funds, and will provide records of those transactions upon request:

| Fund/Ticker | Trade Date | No. of Shares/Units | Price Per Share/Unit | Buy or Sell |
|---|---|---|---|---|
| Davis NY Venture Fund | 8/20/01 | 2031.694 | 24.61 | Buy |
| Liberty Utilities Fund | 8/20/01 | 2521.432 | 19.83 | Buy |
| UBS S&P Index Fund | 1/18/01 | 3162.555 | 15.81 | Buy |

Please use and attach additional pages if necessary.

**I declare under penalty of perjury that the foregoing is true and correct**

Executed this 5th day of July, 2005

_Michael Hoffman_      _[signature]_
Michael Hoffman         Signature

_Susan Hoffman_      _[signature]_
Susan Hoffman         Signature

DOCS\291223v1

## PLAINTIFF CERTIFICATION

_____YAKOV PRAGER_____ ("Plaintiff") hereby states that:

1.  Plaintiff has reviewed the complaint and has authorized the filing of the complaint on his/her behalf.

2.  Plaintiff did not purchase any of the securities which are the subject of this action at the direction of his/her counsel or in order to participate in this private action.

3.  Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.  Plaintiff was a client of UBS Financial Services Inc. (formerly know as UBS PaineWebber, Inc.).

5.  The following includes all of Plaintiff's transactions in the **UBS Global Asset Management Mutual Funds** and/or other **Preferred Funds** (as described in Exhibit A) during the class period specified in the complaint:

| SECURITY (Name of UBS Fund and/or Preferred Fund) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| See attached redacted brokerage statements | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Please list other transactions on a separate sheet of paper, if necessary.**

6.  Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

7.  Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this __21st__ day of __July__, 2005.

_____
Signature

January 2002

Account Number TS 71205 LS
Your Financial Advisor
STEIF/LOWENTHAL
212-309-3000/800-682-7275

Page 2 of 3

**UBS PaineWebber℠**
**Resource Management Account®**

EZDL088088-X138

## Investment objectives

The following return objective and risk profile describe overall goals for this account. For each account held, you choose one return objective and primary and, if applicable, secondary risk profile. A full description of the alternatives is included on the back of the first page. If you have questions regarding these objectives or wish to change them, please contact your Financial ...

*unrealized gain/loss* indicates the cost basis versus the current value for each security lot from a tax reporting perspective and is the amount that would be realized should you sell the lot. Cost basis may need to be adjusted for return of capital payments. An "earnings" lot represents the aggregate cost basis of all dividends paid that were reinvested in the fund. If you have earnings lots, an additional calculation appears showing the overall change in value of your current position versus the money you invested in the fund. This "investment return" shows overall performance of your total investment including dividends reinvested in the fund and market appreciation or depreciation. The "investment return" figure does not include cash dividends not reinvested in the fund.

| Total shares | Description | Price | Current value | Est. annual income | Trade date | Shares purchased | Purchase price | Cost basis | Unrealized Gain/loss |
|---|---|---|---|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE | 23.630 | 5,419.98 | | 10/06/97 | 192.000 | 23.640 | 4,538 | -1 |
| | FD CL B | | | | 10/06/97 | 16.343 | 23.343 | 390 | -13 |
| | | | | | Earnings | 21.026 | 26.159 | 550 | -53 |
| | **Total client investment:** | | $ 4,928 | | | | | | |
| | **Investment return:** | | $ 491 | | | | | | |
| 52.029 | FT-FRANKLIN BIOTECH | 51.240 | 2,665.96 | | 08/31/00 | 51.894 | 98.350 | 5,000 | -2,340 |
| | DISC A | | | | Earnings | .135 | 72.444 | 9 | -2 |
| | **Total client investment:** | | $ 5,000 | | | | | | |
| | **Investment return:** | | $ -2,334 | | | | | | |

Continued on page 3

January 02/ TS 71205 LS

February 2002

Account Number TS 71205 LS
Your Financial Advisor
STEIF/LOWENTHAL
212-309-3000/800-682-7275

Page  2 of  3

## UBS PaineWebber℠
## Resource Management Account®

EZDLD8048-X16

## Investment objectives

The following return objective and risk profile describe overall goals for this account. For each account held, you choose one
return objective and primary and, if applicable, secondary risk profile. A full description of the alternatives is included on the back
of the first page. If you have questions regarding these objectives or wish to change them, please contact your Financial
Advisor or Branch Manager at your branch office to update your account objectives.

M
U...
of capital payments. An "earnings" lot represents the aggregate cost basis of all dividends paid that were reinvested in the fund. If you have earnings lots, an additional calculation appears showing the overall change in value of your
current position versus the money you invested in the fund. This "investment return" shows overall performance of your total investment including dividends reinvested in the fund and market appreciation or depreciation. The
"investment return" figure does not include cash dividends not reinvested in the fund.

| Total shares | Description | Price | Current value | Est. annual income | Trade date | Shares purchased | Purchase price | Cost basis | Unrealized Gain/loss |
|---|---|---|---|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE | 23.270 | 5,337.41 | | | | | | |
| | FD CL B | | | | 10/06/97 | 192.000 | 23.640 | 4,538 | 799 |
| | | | | | 10/06/97 | 16.343 | 23.343 | 390 | 9 |
| | | | | | Earnings | 21.026 | 26.159 | 550 | (0) |
| | Total client Investment: | | $ 4,928 | | | | | | |
| | Investment return: | | $ 409 | | | | | | |
| 52.029 | FT-FRANKLIN BIOTECH | 48.510 | 2,523.92 | | 08/31/00 | 51.894 | 96.350 | 5,000 | -2,442 |
| | DISC A | | | | Earnings | .135 | 72.444 | 9 | -2 |
| | Total client Investment: | | $ 5,000 | | | | | | |
| | Investment return: | | $ -2,476 | | | | | | |

Continued on page 3

February 02/ TS 71205 LS

Case 1:05-cv-06817-LBS   Document 1-1   Filed 07/29/05   Page 28 of 40

PZDL55401-X16

May 2002

# UBS PaineWebber℠
## Investment Account

**Account Number  TS 71205 LS**
**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

Page   2 of   3

## Investment objectives
The following return objective and risk profile describe overall goals for this account. For each account held, you choose one return objective and primary and, if applicable, secondary risk profile. A full description of the alternatives is included on the back of the first page. If you have questions regarding these objectives or wish to change them, please contact your Financial Advisor or Branch Manager at your branch office to update your account objectives.

of capital payments.  An "earnings" lot represents an ~~~~~. This "investment return" shows oversi ~~~~~~~
current position versus the money you invested in the fund. This "investment return" figure does not include cash dividends not reinvested in the fund.

| Total shares | Description | Price | Current value | Est. annual income | Trade date | Shares purchased | Purchase price | Cost basis | Unrealized Gain/loss |
|---|---|---|---|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE | 23.760 | 5,449.80 | | 10/06/97 | 192.000 | 23.640 | 4,538 | 3 |
| | FD CL B | | | | 10/06/97 | 16.343 | 23.343 | 390 | 1 |
| | Total client Investment: | | $ 4,928 | | Earnings | 21.026 | 26.159 | 550 | 0 |
| | Investment return: | | $ 521 | | | | | | |
| 52.029 | FT-FRANKLIN BIOTECH | 39.550 | 2,057.74 | | 08/31/00 | 51.894 | 96.350 | 5,000 | -2,947 |
| | DISC A | | | | Earnings | .135 | 72.444 | 9 | -3 |
| | Total client Investment: | | $ 5,000 | | | | | | |
| | Investment return: | | $ -2,942 | | | | | | |

May 02/ TS 71205 LS

Continued on page 3

NZIL097043-X138

# *June 2002*

## UBS PaineWebber℠
## Investment Account

**Page   1 of   2**

| Value on May 31 | $ | 4,570.23 |
|---|---|---|
| Value on June 28 | $ | 3,694.94 |
| Debit balance in 06/28 value | $ | -5,346.89 |

**Account Number** TS 71205 LS

**Your Financial Advisor**
STEIF/LOWENTHAL          212-309-3000/800-682-7275

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD          NJ 08701-1150

UBS PAINEWEBBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY, 10166
NZIL097043-X138  - 0802 - TS - 0

**Return objective:** Capital appreciation
**Risk profile:**     **Primary:     Aggressive/Speculative**
                      **Secondary: None Selected**

## Asset portfolio
*Prices, income and current values may be approximate. Refer to the disclosure on the back of the first page.*

| Quantity/face value | Description | Contract premium | Price | Current value | Est. income |
|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE FD CL B | | 21.820 | 5,004.83 | |
| 52.029 | FT-FRANKLIN BIOTECH DISC A | | 35.040 | 1,823.09 · | |
| 241.430 | PRUDENTIAL 20/20 FUND CLASS B | | 9.170 | 2,213.91 | |
| 5,000 | STRUTHERS INC NEW | | | ------Price was unavailable------ | |

Continued on page 2

June 02/ TS 71205 LS

*August 2002*

UBS PaineWebber℠
Investment Account

UBS PAINEWEBBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY., 10166

NZILO39981-X16 - 0802 - TS - 0

**Page   1 of   2**

Value on July 31                    $   3,136.66
Value on August 30                  $   3,059.35
Debit balance in 08/30 value        $  -5,413.92

NZILO39981-X16

Account Number  TS 71205 LS

Your Financial Advisor
STEIF/LOWENTHAL            212-309-3000/800-682-7275

MR . YAKOV  PRAGER
128  SAINT  KATHERINE  PL
LAKEWOOD        NJ  08701-1150

## Asset portfolio

Prices, income and current values may be approximate. Refer to the disclosure on the back of the first page.

| Quantity/face value | Description | Contract premium | Price | Current value | Est. Income |
|---|---|---|---|---|---|
| 228,369 | DAVIS NEW YORK VENTURE FD CL B | | 20.800 | 4,770.87 | |
| 52,029 | FT-FRANKLIN BIOTECH DISC A | | 33.110 | 1,722.68 | |

Continued on page 2

August 02/ TS 71205 LS

N2IL105098-X136

# UBS PaineWebber℠
## Investment Account

**Account Number:** TS 71205 LS
**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

**Statement Period:** September 2002

## Asset portfolio

Prices, income and current values may be approximate.  Refer to the disclosure on the back of the first page.

| Quantity/face value | Description | Contract premium | Price | Current value | Est. Income |
|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE FD CL B | | 18.960 | 4,348.83 | |
| 52.029 | FT-FRANKLIN BIOTECH DISC A | | 31.630 | 1,645.67 | |
| 241.430 | PRUDENTIAL 20/20 FUND CLASS B | | 7.420 | 1,791.41 | |
| 5,000 | STRUTHERS INC NEW | | ------Price was unavailable------ | | |
| | **Total** | | | **$  7,785.91** | |

UBS PAINEWEBBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY., 10166
D011005011 00000016100003389 TS71205 0 0001E

# UBS PaineWebber℠ Confirmation

PAGE   1 OF   1

212-309-300/

**Account Number TS 71205**
**Your Financial Advisor**
STEIF/LOWENTHAL

00003389

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD          NJ 08701-1150

Ill..l.l..l.l.Ill....l.l.lll..l..llll..ll..ll.l.l.l.ll

*Important.  Please retain for your records.*

We confirm the following transaction(s):

**Trade activity**

| Reference no. | Quantity/ Face value | Description | Trade date 10/10/2002 | Price | Gross amount | Date processed 10/10/2002 | Commission/ markup | Accrued interest | Other Fees and charges | Payment due/ Settlement date 10/16/2002 Total amount |
|---|---|---|---|---|---|---|---|---|---|---|
| **SOLD** | | | | | | | | | | |
| 52479 | 52.029 | FT-FRANKLIN BIOTECH | | 31.710 | $1,649.84 | | | | | $1,649.84 |
| | | DISC A | | | | | | | | |
| | | FB01D  2283052479S | | | | | | | | |
| | | SOLICITED | | | | | | | | |
| | | SYMBOL MFFKDH CUSIP NO. 354713844 | | | | | | | | |
| | | Capacity: Agent | | | | | | | | |
| **Total:** | **52.029** | | | | **$1,649.84** | | | | | **$1,649.84** |

It is important that you retain this trade confirmation for your tax and financial records. When remittances/securities are due, they must be received by us at the address above on or before the payment/settlement date. Payments not received by the settlement date may be subject to a late settlement fee. Please indicate your account number on your check or correspondence. Make checks payable to UBS PaineWebber Inc.  Please see the back of this confirmation for additional terms and definitions applicable to this transaction.

UBS PaineWebber Inc. is an indirect subsidiary of UBS AG and an affiliate of UBS Warburg LLC.

Case 1:05-cv-06817-LBS    Document 1-2    Filed 07/29/05    Page 33 of 40

UBS PAINEWEBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY., 10166
D011005011 0000001610000003389 TS71205 0 0001E

# UBS PaineWebber℠ Confirmation

PAGE  1 OF  1

212-309-300/

**Account Number TS 71205**
**Your Financial Advisor**
STEIF/LOWENTHAL

00003389

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD        NJ 08701-1150

**Important.  Please retain for your records.** *

We confirm the following transaction(s):

| Trade activity | Reference no. | Quantity/ Face Value | Description | Trade date | Price | Gross amount | Date processed | Commission/ Markup | Accrued Interest | Other Fees and charges | Payment date/ Settlement date | Total amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SOLD** | | | | 10/10/2002 | | | 10/10/2002 | | | | 10/16/2002 | |
| | 52479 | 52.029 | FT-FRANKLIN BIOTECH DISC A FBOID 2283052A795 | | 31.710 | $1,649.84 | | | | | | $1,649.84 |
| | | | SOLICITED | | | | | | | | | |
| | | | SYMBOL MFFKDH CUSIP NO. 354713844 Capacity: Agent | | | | | | | | | |
| **Total:** | | 52.029 | | | | $1,649.84 | | | | | | $1,649.84 |

It is important that you retain this trade confirmation for your tax and financial records. When remittances/securities are due, they must be received by us at the address above on or before the payment/settlement date. Payments not received by the settlement date may be subject to a late settlement fee. Please indicate your account number on your check or correspondence. Make checks payable to UBS PaineWebber Inc.  Please see the back of this confirmation for additional terms and definitions applicable to this transaction.

UBS PaineWebber Inc. is an indirect subsidiary of UBS AG and an affiliate of UBS Warburg LLC.

NZIA040888-X16

000-16449

UBS PaineWebber℠
Investment Account

UBS PAINEWEBBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY,, 10166
NZIA040888-X16   - 1002 - TS - 0

**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

**Statement Period:** October 2002
**Account Number:** TS 71205 LS

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD          NJ 08701-1150

## This month at a glance

## Asset portfolio

Prices, income and current values may be approximate. Refer to the disclosure on the back of the first page.

| Quantity/face value | Description | Contract premium | Price | Current value | Est. Income |
|---|---|---|---|---|---|
| 229,369 | DAVIS NEW YORK VENTURE FD CL B | | 19.920 | 4,569.03 | |
| 241,430 | PRUDENTIAL 20/20 FUND CLASS B | | 8.010 | 1,933.85 | |
| 5,000 | STRUTHERS INC NEW | | ------Price was unavailable------ | | |
| | **Total** | | | **$ 6,502.88** | |

Page   1 of   2

October 02/ TS 71205 LS

NZIA040889-X1

# UBS PaineWebber℠
## Investment Account

**Account Number:** TS 71205 LS
**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

**Statement Period:** October 2002

## Activity

*efer to the disclosure on the back of the first page regarding the Price/Value presented for restricted securities.*

| ate | Activity | Description | Quantity | Price / Value / Comment | Amount |
|---|---|---|---|---|---|
| | | **Balance forward** | | $ | -5,448.30 |
| 0/16 | SOLD | FT-FRANKLIN BIOTECH DISC A | -52.029 | 31.710 | 1,649.84 |
| | | FBOID 22830524795 | | | |

UBS PaineWebber
**Investment Account**

**Statement Period:** November 2002
**Account Number:** TS 71205 LS

UBS PAINEWEBBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY., 10166
NZIA035047-X16   - 1102 - TS - 0

**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD        NJ  08701-1150

Secondary: None Selected

...e disclosure on the back of the first page.

| | Contract premium | Price | Current value | Est. Income |
|---|---|---|---|---|
| DAVIS NEW YORK VENTURE FD CL B | | 20.950 | 4,805.28 | |
| B | | ----Price was unavailable---- | | |

Page   **1 of   2**

November 02/ TS 71205 LS

NZIA035047-X16

0001435S

NZIA041198-X236

000181481

# UBS PaineWebber
# Investment Account

**Statement Period:** January 2003
**Account Number:** TS 71205 LS

**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

UBS PAINEWEBBER INC.
200 PARK AVENUE
30TH FLOOR
NEW YORK NY., 10166
NZIA041198-X236 - 0103 - TS - 0

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD        NJ 08701-1150

Page   1 of   2

January 03/ TS 71205 LS

Contract premium

19.620        4,500.21

229.369        DAVIS NEW YORK VENTURE FD CL B



## UBS PaineWebber℠
## Investment Account

**Account Number: TS 71205 LS**
**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

**Statement Period: March 2003**

NZIA1028IB-X1236

## Asset portfolio - continued

Prices, income and current values may be approximate. *Refer to the disclosure on the back of the first page.*

| Quantity/face value | Description | Contract premium | Price | Current value▼ | Est. Income |
|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE FD CL B | | 18.970 | 4,351.12 | |

**Page   2  of   2**

March 03/ TS 71205 LS

NZIA037689-X6

**Investment Account**

Account Number: TS 71205 LS
Your Financial Advisor
STEIF/LOWENTHAL
212-309-3000/800-682-7275

Statement Period: April 2003

## Asset portfolio

Prices, income and current values may be approximate. Refer to the disclosure on the back of the first page.

| Quantity/face value | Description | Contract premium | Price | Current value | Est. Income |
|---|---|---|---|---|---|
| 229.369 | DAVIS NEW YORK VENTURE FD CL B | | 20.640 | 4,734.17 | |

April 03/ TS 71205 LS

UBS FINANCIAL SERVICES INC.
1000 HARBOR BOULEVARD
WEEHAWKEN, NJ 07086-6790

NZIA111373-X1256 -0903 - TS - 0

*September 2003*

**Investment Account**

**Your Financial Advisor**
STEIF/LOWENTHAL
212-309-3000/800-682-7275

Account Number: TS 71205 LS

MR. YAKOV PRAGER
128 SAINT KATHERINE PL
LAKEWOOD      NJ 08701-1150

NZIA111373-X1256
- 0000025

0004907S

| | Contract premium | Price | Current value | Est. Income |
|---|---|---|---|---|
| | | | ——Price was unavailable—— | |
| | | 22.960 | 5,266.31 | |

229.369      DAVIS NEW YORK VENTURE FD CL B

Page   1 of   2

September 03/ TS 71205 LS

Member SIPC